**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-2091

———————————

ANTHONY W. JONES, III,
                                        Appellant

v.

NICHOLAS GRILL; CHRISTOPHER JACKSON; JAMES Y. SIMPKINS;
JESSICA LYNN SCHAFER; NADIRAH GREEN; BRIAN B. PISKAI;
916 HOLDINGS LLC, d/b/a Sheraton Properties; AUTHUR WESTON

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-01846)
U.S. District Judge: Gene E. K. Pratter

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2024

———————————

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>.

(Filed: July 16, 2024)

———————————

OPINION[*]

———————————

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Anthony Jones appeals the District Court's order dismissing his pro se complaint for civil rights violations. For the reasons set forth below, we will vacate in part and remand.

I

Jones and his co-defendants were charged with various sex trafficking offenses. Ultimately, a jury convicted Jones of three counts of sex trafficking three different minors (Counts 4–6) and one count of conspiring to do so (Count 1), and acquitted him of one count of sex trafficking an adult (Count 3). .

Jones filed a pro se complaint alleging, among other things, malicious prosecution pursuant to 42 U.S.C. §§ 1983, 1985, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). The District Court dismissed his complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e). Jones v. Grill, No. 21-cv-1846, 2021 WL 1924084, at *6 (E.D. Pa. May 12, 2021).

Relevant here, the District Court construed certain allegations as claims for malicious prosecution, fabrication of evidence, and conspiracy to secure unlawful convictions, and concluded, citing then binding precedent, that such claims were "not cognizable" because the underlying convictions had not "been invalidated," and thus did not meet the favorable termination requirement under Heck v. Humphrey, 512 U.S. 477 (1994). Jones, 2021 WL 1924084, at *3. In doing so, the District Court acknowledged

2

that Jones was acquitted on Count 3, but concluded that "[b]ecause the charges [of conviction and acquittal] punish[ed] 'one course of conduct,' there ha[d] not been a favorable termination," id. at *3 n.7 (quoting Kossler v. Crisanti, 564 F.3d 181, 192 (3d Cir. 2009) (en banc), abrogated in part by Thompson v. Clark, 596 U.S. 36 (2022)).[1]

Jones appeals.[2]

---

[1] Jones does not challenge, and hence waives his appeal of, the District Court's (1) holding that, to the extent that Jones sought to bring § 1983 and Bivens claims against defendants who were not state or federal actors, such claims failed because Jones did not adequately plead their involvement in a conspiracy with state actors, id. at *4-5 (citations omitted); (2) dismissal of Jones's claims that certain defendants provided false testimony to the grand jury on absolute immunity grounds, id. at *4 (citations omitted); (3) dismissal of claims arising from searches during the investigation as time-barred, id. at *5 (citations omitted); (4) decision to decline to exercise supplemental jurisdiction over Jones's state-law claims, id. at *5; and (5) holding that the underlying proceeding was not favorably terminated with respect to Counts 1, 4, 5, and 6. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

[2] The Court thanks appointed amicus counsel for their valuable pro bono service to the Court.

## II[3]

To prove a malicious prosecution claim, a plaintiff must demonstrate, among other things, that the criminal case ended in his favor. Coello v. DiLeo, 43 F.4th 346, 354-55 (3d Cir. 2022) (citing Kossler, 564 F.3d at 188). To satisfy this element, a plaintiff need only show that "the criminal prosecution ended without a conviction." Thompson, 596 U.S. at 49. "The favorable termination element [therefore] is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding," nor is there "never [a] favorable termination unless a plaintiff is acquitted on all charges." Kossler, 564 F.3d at 188, 192.

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Jones's state-law claims under 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint under 28 U.S.C. § 1915(e)(2). Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

When a plaintiff proceeds in forma pauperis under § 1915, a court may dismiss the complaint sua sponte if it fails to state a claim upon which relief may be granted and amendments would be futile. 28 U.S.C. 1915(e)(2)(B)(iii); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Thus, the standard for dismissal under § 1915(e)(2)(B)(ii) is the same as under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, "we treat as true all well-pleaded facts in the complaint, which we construe in the light most favorable to the plaintiff." Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (quotation marks and citation omitted). A plaintiff "must state a 'plausible' claim for relief, and '[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Thompson v. Real Est. Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[W]e are mindful of our obligation to liberally construe a pro se litigant's pleadings, particularly where the pro se litigant is imprisoned." Dooley, 957 F.3d at 374 (quotation marks, citation, and italics omitted)).

Where, as here, the prosecution ended without a conviction on only one of several charges, we apply a two-step analysis to determine whether the prosecution was favorably terminated.  Id. at 188-89.[4]  This requires that we consider whether the offenses of conviction and acquittal (1) share common elements or involve lesser-included offenses; and (2) stem from the same underlying conduct, such that they "cannot be divorced."  Id.

Although the District Court concluded that the favorable termination requirement was not satisfied because the counts of conviction and acquittal "punish[ed] one course of conduct," Jones, 2021 WL 1924084, at *3 n.7 (quotation marks omitted), it did not consider the first step in the analysis, which requires considering the elements of the crimes of acquittal and conviction and their legal relationship.  See Kossler, 564 F.3d at 188-89.  The District Court recognized that Jones was convicted of three counts of sex trafficking minors (Counts 4–6) and one count of conspiring to do so (Count 1) and acquitted of one count of sex trafficking a specific adult (Count 3).  The count of acquittal contained statutory requirements that are different from those applicable to the counts of conviction, and thus do not share identical elements.  Furthermore, it appears

---

[4] Kossler's mixed-verdict test remains intact post-Thompson.  Thompson abrogated only Kossler's holding that a favorable termination requires a showing of innocence.  Thompson did not address whether a proceeding can terminate in a plaintiff's favor when he was acquitted of less than all charges, and Kossler left open that possibility where the charged offenses "contained distinct statutory requirements" and "aimed to punish two different sets of conduct[.]"  Kossler, 564 F.3d at 191.

that the District Court may have relied solely on the allegations in the pro se complaint and, based on them we cannot say that the underlying conduct for the counts of conviction and acquittal "cannot be divorced."[5] Kossler, 564 F.3d at 189. Thus, dismissal of the complaint pursuant to 28 U.S.C. § 1915(e) was improper.

## III

For the foregoing reasons, we will vacate in part and remand.[6]

---

[5] Other information that the District Court may consider at the pleading stage, such as publicly filed documents, may be considered as part of its analysis on remand. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . items subject to judicial notice [and] matters of public record." (internal quotation marks and citations omitted)); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (citations omitted)).

[6] Because Jones argues only that the District Court erred in its favorable termination holding with respect to Count 3, we will vacate the District Court's order only as to his malicious prosecution claim based on the acquittal on Count 3 and only as to those Defendants against whom he asserts that claim.

6